# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4264 | **DATE** | 7/16/2001 |
| **CASE TITLE** | Jet Support Services, Inc. vs. WW191, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Order. To clear up all of the items referred to in this opinion, the present Answer is stricken. Leave is however granted to file a self-contained Amended Answer in this Court's chambers on or before July 27, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | JUL 17 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | 7/17/2001 | |
| | Copy to judge/magistrate judge. | 01 JUL 17 AM 7:51 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JET SUPPORT SERVICES, INC., )
)
            Plaintiff, )
)
v. ) No. 01 C 4264
)
WW191, INC., )
)
            Defendant. )

DOCKETED
JUL 1 7 2001

MEMORANDUM ORDER

    WW191, Inc. ("WW191") has cured the inadvertent flaw in its original Notice of Removal ("Notice") by filing an Amended Notice that confirms the parties' diversity of citizenship as well as the requisite amount in controversy. Unfortunately, the Answer to Complaint that WW191 has now filed in response to this action brought by Jet Support Services, Inc. ("Jet Support") contains some errors that need curing (in part, but not at all entirely, those errors stem from the obvious unfamiliarity of the lawyer who presumably prepared that pleading with some aspects of this District Court's rules and procedures[1]).

    To begin with, the Answer does not conform to this District Court's LR 10.1, which requires each responsive pleading to state the substance of each of the adversary's allegations, to be followed by the respective responses (a requirement that is most

---

    [1] Although the Answer was signed on behalf of WW191 by local counsel here in Chicago, the pleading itself is on the office form of WW191's Los Angeles counsel (something entirely consistent with the Answer's verification that was signed by WW191's President in Santa Monica).

often complied with by repeating a complaint's allegations in haec verba, rather than counsel's seeking to paraphrase those allegations). That requirement has as its obvious purpose the much greater ease of reading a single self-contained pleading to see what matters are and what are not being placed in issue, rather than having to jump back and forth between a separate complaint and a separate answer.

Next, two nits in the present Answer merit brief mention. One is the inadvertent typographical error that pervades the pleading, in which "brach" appears instead of "breach" in a host of places. And the other item that can be cured by the amended pleading called for here is that the two paragraphs of the Complaint that set out Jet Support's prayers for relief are not really allegations ("averments" is the term used in Fed. R. Civ. P. ("Rule") 8(b)), so that they therefore need not be answered as the present responsive pleading has done.

To turn to substantive matters, several of the Affirmative Defenses ("ADs") set forth in the Answer contain defects that need correction or amplification. Here they are:

1. AD 1, which is the essential equivalent of a Rule 12(b)(6) motion, is stricken. Both Rule 12(b)(6) and Rule 8(c) require acceptance of the Complaint's allegations as gospel, and in those terms Jet Support has certainly stated

a claim for relief.²

2. ADs 2-4 and 6-10 are insufficiently informative. ADs, like complaints, must follow the notice pleading regime that governs federal pleading, and the generalized and conclusory assertions in those ADs do not apprise opposing counsel or this Court as to what WW191 is really asserting. If any or all of those ADs is to be retained in the Amended Answer ordered hereafter, that must be done in sufficiently fleshed-out form.³

3. AD 5 does not conform to the concept of Rule 8(c) and its relevant case law (see App. ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)), for its basis is directly at odds with the allegations of the Complaint.

To clear up all of the items referred to in this opinion, the present Answer is stricken. Leave is however granted to file a self-contained Amended Answer in this Court's chambers on or before July 27, 2001 (with a copy of course delivered to Jet

---

² "Claim for relief" rather than "cause of action" is the relevant concept for federal pleading purposes--see, e.g., NAACP v. American Family Mut. Ins. Co., 978 F.2d 287, 292 (7th Cir. 1992).

³ As to AD 8, that appears to assert a claimed defense that, for this Court, requires WW191's counsel to identify some responsible authority to support the legal position taken there. If that AD is carried forward into the amended answer provided for here, counsel should also be aware that the term is "de minimis" and not "de minimus."

3

Support's counsel).

                                /s/ Milton I. Shadur
                             Milton I. Shadur
                             Senior United States District Judge

Date: July 16, 2001